UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MALCOLM WASHINGTON,

                        Plaintiff,

    -against-                                               9:21-CV-0051 (LEK/TWD)

MRS. OJIDA, *et al.*,

                        Defendants.
_____

**DECISION AND ORDER**

**I.   INTRODUCTION**

Presently before the Court is a letter motion filed by pro se plaintiff Malcolm Washington requesting to "alter or amend the judgment, for a new trial, for relief under Rule 60." Dkt. No. 20. Plaintiff also filed a motion for oral argument. Dkt. No. 21. For the reasons that follow, Plaintiff's motions are denied.

**II.   BACKGROUND**

Plaintiff commenced this action on January 15, 2021, by filing a complaint for relief pursuant to 42 U.S.C. § 1983 and an application to proceed in forma pauperis. Dkt. Nos. 1 ("Complaint"); 6 ("IFP Application"). By Memorandum-Decision and Order filed April 9, 2021 (the "April 2021 Order"), the Court granted Plaintiff's IFP Application and reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 12. On the basis of that review, the Court dismissed the Complaint for failure to state a claim upon which relief could be granted. Id. In light of his pro se status, Plaintiff was afforded an opportunity to submit an Amended Complaint. See id. at 13–14.

On April 28, 2021, Plaintiff filed an amended complaint. Dkt. No. 15 ("Amended Complaint"). In a Decision and Order filed on May 20, 2021 (the "May 2021 Order"), the Court dismissed this action, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). See Dkt. No. 18 at 10. On May 20, 2021, the Court issued judgment in accordance with the May 2021 Order. See Dkt. No. 19.

### III.   MOTION TO VACATE

Rule 60(b) of the Federal Rules of Civil Procedure sets forth the following 6 grounds upon which relief from judgment can be granted:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In deciding a Rule 60(b) motion "a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." Kotlicky v. United States Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987). "Rule 60 determinations are committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." Gonzalez v. Gannett Satellite Info. Network, Inc., 903 F. Supp. 329, 331 (N.D.N.Y. 1995), aff'd, 101 F.3d 109 (2d Cir. 1996).

While Plaintiff does not specify the grounds under which he seeks to vacate the Court's Judgment, construing his submission liberally, Plaintiff requests relief under Rule 60(b)(6) arguing "extraordinary circumstances." Rule 60(b)(6) is a "catch-all" provision that applies to "extraordinary circumstances" or "extreme hardship." U.S. v. Cirami, 563 F.2d 26, 32 (2d Cir. 1977). The decision whether to afford relief rests with the "sound discretion of the district court." Garcia v. Myears, No. 13-CV-0965, 2015 WL 1015425, at *2 (W.D.N.Y. March 9, 2015). "Generally, courts require that the evidence in support of the motion to vacate a final judgment be 'highly convincing,' that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties." Kotlicky, 817 F.2d at 9 (2d Cir. 1987) (citation and internal citations omitted).

Plaintiff seeks relief due to his isolation pursuant to facility COVID-19 protocols. See Dkt. No. 20 at 1. While Plaintiff does not specify when or for how long he was in isolation, in another action pending in this District, Plaintiff moved to vacate a judgment entered in February 2021 due to his isolation. See Washington v. Harder, et al., No. 20-CV-0023 (N.D.N.Y. filed Jan. 8, 2020) ("Washington I"). With that motion, Plaintiff provided documentation of his quarantine status from November 5, 2020 until November 20, 2020 and from January 21, 2021 until February 1, 2021. See id.; Dkt. No. 34 at 2–4. The Court denied Plaintiff's motion to vacate reasoning:

> Plaintiff's inability to access the law library and quarantine status does not provide a basis to vacate the judgment. As summarized above, from February 2020 until November 2020, Plaintiff had ample opportunity to amend his complaint before being placed in quarantine. Moreover, during the three months between the quarantine periods, plaintiff filed three submissions with the Court, seeking status reports and responses to interrogatories. Dkt. Nos. 28,

>    29, and 30. Plaintiff did not, however, file an amended pleading in response to the February 2020 Order.

Washington I, Dkt. No. 36 at 4.

The Court adopts this reasoning and finds that Plaintiff has failed to sustain the burden of demonstrating extraordinary circumstances to warrant relief from the Judgment.

As a final attempt to vacate the May 2021 Order, Plaintiff submitted three new medical reports, dated February 2021 and June 2021. See Dkt. No. 24-1. Plaintiff argues the reports demonstrate that "there [was] no prior damage to my lungs as well as no cases of COPD or asthma which could abstract [sic] breathing or cause respitory [sic] illness." Dkt. No. 24 at 1. "In order to succeed on a motion pursuant to Rule 60(b)(2), the movant must present evidence that is 'truly newly discovered or . . . could not have been found by due diligence.'" United States v. Potamkin Cadillac Corp., 697 F.2d 491, 493 (2d Cir.1983) (citation omitted) (affirming district court's denial of motion for reconsideration where moving party failed to provide a convincing explanation as to why they could not have obtained the evidence earlier). Regarding the February 2021 report, this evidence was seemingly in Plaintiff's possession before judgment was rendered and, thus, is not "newly discovered," and does not entitle Plaintiff to relief. Friedline v. New York City Dep't of Educ., No. 06-CV-1836, 2009 WL 37828, at *4 (S.D.N.Y. Jan. 5, 2009), aff'd sub nom. Cruz v. New York City Dep't of Educ., 376 Fed. App'x 82 (2d Cir. 2010).

Despite Plaintiff's claims to the contrary, the remaining documentation does not warrant relief pursuant to Rule 60(b)(2). Upon due consideration, the Court finds that this action was properly dismissed and Plaintiff has not established that relief from judgment is warranted under Fed. R. Civ. P. 60(b). Plaintiff's motion to vacate the Judgment is therefore denied.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's motion to vacate (Dkt. No. 20) is **DENIED**; and it is further

**ORDERED**, that Plaintiff's motion for oral argument (Dkt. No. 21) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

DATED:   August 12, 2021
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge